UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
JOHN JARONCZYK, as President of the Nassau
County Correction Officers Benevolent
Association, the Nassau County Correction
Officers Benevolent Association,

                 Plaintiffs,

        -against-

NASSAU COUNTY INTERIM FINANCE
AUTHORITY, et al.,

                 Defendants.
------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAR -4 2013 ★

LONG ISLAND OFFICE

MEMORANDUM AND ORDER

CV 11-2743

(Wexler, J.)

APPEARANCES:

    KOEHLER & ISAACS, LLP
    BY: HOWARD GARY WEIN, ESQ.
    61 Broadway 25th Floor
    New York, New York 10006
    Attorneys for Plaintiffs

    SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
    BY: CHRISTOPHER GUNTHER, ESQ.
    Four Times Square
    New York, New York 10036-6522
    Attorneys for Defendants Nassau County Interim Finance Authority and
    Individual Directors/Members

    JACKSON LEWIS LLP
    BY: MARK L. WENGER, ESQ.
    58 South Service Road, Suite 410
    Melville, New York 11747
    Attorneys for Defendants County of Nassau
    Edward Mangano and George Maragos

    BARBARA E. VAN RIPER, ESQ.
    Office of the Nassau County Attorney
    One West Street
    Mineola, New York 11501

1

WEXLER, District Judge

In this action Plaintiffs challenge the imposition of a wage freeze imposed by Defendant Nassau County Interim Finance Authority ("NIFA"). Two other cases, Carver v. NIFA, No. 11-1614 (E.D.N.Y.) (LDW) ("Carver") and Donohue v. NIFA, No. 11-1900 (E.D.N.Y.) (LDW) ("Donohue"), commenced by representatives of two other Nassau County unions, were also brought before this court. Like this case, Carver and Donohue challenge the legality of wage freezes imposed by NIFA. Carver and Donhoue were consolidated with this matter for motion practice. Summary judgment motions in all three cases were simultaneously submitted to this court for decision.

In a Memorandum and Opinion dated February 14, 2013, this court granted the motion of the Carver plaintiffs for summary judgment. Carver v. Nassau County Interim Finance Authority, 2013 WL 544009 (E.D.N.Y. 2013). There, this court held that Section 3669 of the New York Public Authorities Law ("Section 3669") did not permit imposition of the challenged wage freeze. The court stayed operation of any judgment in Carver pending appeal. Judgment was entered in accord with the February 14, 2013 decision on March 4, 2013. Defendants have filed their notice of appeal.

While Plaintiffs in this matter briefed their motion for summary judgment at the same time as the motions filed by the parties in Carver and Donahue, they did not raised the issue of the legality of the wage freeze in light of Section 3669. The issue was not briefed because Plaintiffs here did not raise the issue as a ground for relief in their complaint. After this court's decision in Carver, Plaintiffs sought immediately to amend their complaint to assert the ground that formed the basis of the court's decision in Carver. The court has inquired as to whether

2

Defendants object to the proposed amendment of the complaint herein. The Nassau County Defendants have no objection to the proposed amendment. The NIFA Defendants do not oppose the amendment, but ask that the court hold the request in abeyance pending a decision of the Second Circuit Court of Appeals in Carver.

Upon consideration, the court will allow Plaintiffs to amend their complaint to raise the Section 3669 issue. That amendment shall be filed within two weeks of the date of this order. Within one week of serving their answer, Defendants are directed to advise the court, without waiving any right to appeal, as to whether there is any factor in this case that distinguishes it from Carver, which requires a disposition different from the decision reached therein. In the event that any such ground is raised, the court will consider the propriety of further motion practice.

## CONCLUSION

For the forgoing reasons, the court grants Plaintiffs' the right to amend their complaint as set forth herein, and directs the filing of papers as set forth above.

SO ORDERED.

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

Dated: Central Islip, New York
March 6, 2013